IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LYNN HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-0021-BL |
| | ) | |
| JIM MCKENZIE, et al., | ) | |
| | ) | |
| Defendants | ) | Referred to U.S. Magistrate Judge |

### MEMORANDUM OPINION
### AND ORDER TO SHOW CAUSE

On February 13, 2017, and through a purported Power of Attorney, James W. Myart, Jr., signed and filed this action for *pro se* Plaintiff Christopher Lynn Hill against various officials of Sweetwater, Texas. *See* Compl. at 1, 11. Attached as an exhibit to the Complaint is the agreement purporting to appoint Mr. Myart as "Attorney-in-fact" for Mr. Hill and to grant Mr. Myart power of attorney to take various actions on Plaintiff's behalf, including litigation matters. *See* Ex. 1 ¶¶ 2, 6f. That agreement purports to provide for compensation to Mr. Myart as a "consultant," permit co-owning and mingling of assets, and permit Mr. Myart to personally gain from management of Mr. Hill's affairs. *See id.* ¶¶ 7-9. Through the Power of Attorney, Mr. Myart also signed an Application to Proceed in District Court Without Prepaying Fees or Costs (doc. 3) (hereinafter "IFP Motion") on behalf of Plaintiff.

For purposes of this order, the Court will assume without deciding that Plaintiff has entered into a valid agreement granting Mr. Myart power of attorney. Even with that assumption, however, Mr. Myart is not authorized to represent Plaintiff or any other *pro se* party in federal court. By statute, a federal litigant "may plead and conduct their own cases personally or by counsel." *See* 28

U.S.C. § 1654. Based on all information before the Court, Mr. Myart is no longer an attorney authorized to practice law in Texas or elsewhere. "Mr. Myart was a practicing attorney for many years before surrendering his bar card in lieu of disbarment in 2008." *Myart v. Taylor*, No. 5:16-CV-736-DAE, 2016 WL 5376227, at *1 n.1 (W.D. Tex. Sept. 26, 2016); *accord Myart v. Glosson*, No. 5:16-CV-865-XR, 2016 WL 5389248, at *1 n.1 (W.D. Tex. Sept. 26, 2016) ("Myart used to be a licensed attorney, but has since resigned in lieu of disciplinary action.").

Indeed, on June 17, 2008, the Supreme Court of Texas accepted Mr. Myart's resignation as attorney and counselor at law as "in the best interest of the public and the profession." *See In re Myart*, Misc. Docket No. 08-9072, at 1 (Tex. June 17, 2008). In addition to cancelling Mr. Myart's law licence and deleting him "from the list of persons licensed to practice law in Texas," the Texas Supreme Court permanently enjoined him

> from practicing law in the State of Texas, holding himself out as an attorney at law, performing legal services for others, giving legal advice to others, accepting any fee directly or indirectly for legal services, appearing as counsel or in any representative capacity in any proceeding in any Texas court or before any Texas administrative body (whether state, county, municipal, or other), or holding himself out to others or using his name in any manner in conjunction with the words "Attorney at Law," "Counselor at Law," "Lawyer," or "Attorney."

*Id.* at 1-2.

As an unlicensed, former attorney, Mr. Myart may not represent Plaintiff in this action. Section 1654 does not permit a non-attorney to represent a litigant in federal court and even a valid power of attorney does not permit it. *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam). While a power of attorney "may confer certain decision-making authority under state law," it does not change the requirements of § 1654. *See id.*; *accord Speed v. Bank of N.Y.*, No. 3:14-CV-3425-L-BN, 2014 WL 6473420, at *2 (N.D. Tex. Nov. 18, 2014) (recommendation of

2

Mag. J.), *case dismissed without addressing recommendation*, 2014 WL 6487291 (N.D. Tex. Nov. 19, 2014) (declining to address recommendation while recognizing its correctness). "[T]he holder of a power of attorney is not authorized to appear pro se on behalf of the grantor." *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) (recognizing such principle under the laws of Maine). To proceed "*pro se* means to appear for one's self," therefore, "a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (cited with approval in *Martin v. City of Alexandria*, 198 F. App'x 344, 346 (5th Cir. 2006) (per curiam)). "A power of attorney relationship between a *pro se* plaintiff and the individual appearing on [his or] her behalf does not alter this principle." *Leyfert v. Commw. of Pa. House of Reps.*, No. Civ. A. 05-4700, 2005 WL 3433995, at *3 (E.D. Pa. 2005). Similarly, an "attorney-in-fact" may not litigate a *pro se* action on behalf of another. *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001).

Although some circumstances may warrant filing on another's behalf as a "next friend," "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). Nothing before the Court indicates that use of the "next friend" device is proper in this case. When a non-attorney is not qualified to act as a "next friend," the non-attorney "may not participate in the unauthorized practice of law by preparing legal papers, filing petitions and briefs, and generally acting as an attorney in violation of state and federal provisions governing the unauthorized practice of law." *Id.* Even a valid power of attorney executed by the *pro se* Plaintiff does not invest the non-attorney with such authority. *Id.*

As a non-attorney, Mr. Myart "lacks standing to file this action on behalf" of Plaintiff. *See Leyfert*, 2005 WL 3433995, at *3. Accordingly, this Court lacks jurisdiction over this case and it

is subject to dismissal. *See id.* However, from the information before the Court, it appears that Mr. Hill has simply placed his trust in Mr Myart. Nothing indicates that Mr. Hill recognizes Mr. Myart's inability to act as anyone's legal attorney or that the granted Power of Attorney – even assuming its legal validity – does not grant Mr. Myart the ability to proceed with this case on behalf of a *pro se* litigant. The Court thus finds that an outright dismissal at this stage of the litigation is not warranted without providing Mr. Hill an opportunity to cure the deficiencies of his complaint and the submitted IFP Motion.

In light of the facts and circumstances of this case, the Court considers whether Plaintiff or Mr. Myart have engaged in sanctionable conduct. The federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir.1993). Within this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* The Supreme Court, furthermore, has recognized "that a federal court has the power to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This power naturally extends to sanctioning parties who proceed without counsel as well as a former attorney who purports to act pursuant to a power of attorney.

At this point, the Court finds no potentially sanctionable conduct by the *pro se* litigant in this matter, Christopher Hill, but is greatly disturbed by the actions of Mr. Myart. It is not unreasonable to expect a former attorney to know and understand the law regarding filing a civil action and practicing law before this Court. Mr. Myart's actions are particularly troubling given the injunction imposed against him by the Supreme Court of Texas. Among other things, that injunction specific-

ally forbids Mr. Myart from practicing law in Texas, providing legal services for others, giving legal advice to others, accepting any fee for legal services, or appearing in a representative capacity in any proceeding in any Texas court. At least arguably, his actions in this case violate that injunction and he cannot sidestep the injunction by claiming he acts only as a consultant.[1]

In Texas, an individual can be criminally prosecuted for the unauthorized practice of law. *See* Tex. Penal Code Ann. § 38.123. Texas law, furthermore, defines "practice of law" as

> the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined.

Tex. Gov't Code Ann. § 81.101(a). In general, courts prohibit "the unauthorized practice of law because of a perceived need to protect individuals and the public from the mistakes of the untrained and the schemes of the unscrupulous, who are not subject to the judicially imposed disciplinary standards of competence, responsibility and accountability." *See* Texas Center for Legal Ethics, https://www.legalethicstexas.com/Ethics-Resources/Rules/Texas-Disciplinary-Rules-of-Professional-Conduct/V--LAW-FIRMS-AND-ASSOCIATIONS/5-05-Unauthorized-Practice-of-Law (last visited Mar. 1, 2017). The Court thus issues the following orders:

(1) On or before March 13, 2017, Mr. Myart shall provide an address for Mr. Hill so that the Court can mail him a copy of this order directly.

---

[1] The Court takes judicial notice of the complaint filed in *Hill v. First Financial Bank Shares*, No. 1:17-CV-0025-BL, a related case filed in this Court. In that complaint, the plaintiffs allege that they submitted a completed loan application "in order to pay to Myart Consulting Group a $15,000 fee plus expenses of suit, estimated at $25,000, for their lawsuit against the City of Sweetwater, et al." *See Hill*, No. 1:17-CV-0025-BL (doc. 1 at 4). In addition, the IFP Motion in this case indicates that Plaintiff will be paying an unspecified person $8,000 for expenses and consultant fees in conjunction with this lawsuit. *See* IFP Motion ¶ 10.

(2) On or before March 30, 2017, Mr. Myart shall show cause in writing why the Court should not impose sanctions against him for violating the injunction issued by the Supreme Court of Texas or otherwise engaging in the unauthorized practice of law in this Court. Sanctions to be considered include a monetary sanction payable to the Court or to Plaintiff as his purported consulting client; disgorgement of any improper fees obtained from his sanctionable conduct; a report to the Unauthorized Practice of Law Committee ("UPLC") or other appropriate discipline committee that oversees attorneys or former attorneys; prohibiting Mr. Myart from any further involvement in this case; and any other sanction the Court deems reasonable under the circumstances. If Mr. Myart believes that the Supreme Court of Texas has lifted or invalidated the order accepting his resignation as an attorney and issuing the injunction, Mr. Myart shall provide a copy of the subsequent order of the Supreme Court of Texas.

(3) On or before March 30, 2017, Plaintiff may file an amended complaint that is properly prepared and signed by him or filed through a licensed attorney. Within that same time-frame, Plaintiff may either pay the filing and administrative fees for this action ($400.00)[2] or file a properly signed and completed IFP Motion (form AO 239 can be found on the Court's official web site). Plaintiff is directed to read Rule 11 of the Federal Rules of Civil Procedure so that he is aware of what his signature certifies to the Court. The Court also encourages him to seek advice from a licensed attorney unconnected to Mr. Myart so as to obtain appropriate legal advice as to the issues he is facing.

**A failure to comply with this order may result in dismissal of this action for lack of**

---

[2] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee of $50.00 for filing a civil action in district court. *See* 28 U.S.C. § 1914(a) and District Court Miscellaneous Fee Schedule, note 14. This results in total fees of $400 for a civil action.

jurisdiction or pursuant to Fed. R. Civ. P. 41(b) without further notice.

IT IS SO ORDERED this 2nd day of March, 2017.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**